Ray D. Hacke, OSB #173647
PACIFIC JUSTICE INSTITUTE
317 Court St. NE, Ste. 202
Salem, ORm 97301
(503) 917-4409 Phone
(916) 857-6902   Facsimile

Attorneys for Plaintiff
ANTOINETTE MORAE

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| ANTOINETTE MORAE, An Individual,<br><br>Plaintiffs,<br><br>v.<br><br>NIKE, INC., A Corporation, and DOES 1 THROUGH 50, Inclusive,<br><br>Defendants | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR FAILURE TO PROVIDE RELIGIOUS ACCOMMODATION AND RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII [42 U.S.C. § 2000e-2] AND ORS 659A.030(1)(a), AND AIDING AND ABETTING RELIGIOUS DISCRIMINATION [ORS 659A.030(1)(g)]**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff ANTOINETTE MORAE hereby alleges as follows:

### PARTIES

1.      Plaintiff is, and at all times herein was, an administrative assistant employed in Oregon by Defendant NIKE, INC. ("NIKE") in various capacities from April 2007 through October 19, 2021.  At all times relevant herein, Plaintiff worked in NIKE's Global Technology Finance division.

2.      Plaintiff also is, and at all times herein was, a practicing Christian who sought from NIKE a religious exemption from NIKE's requirement that its employees be vaccinated against COVID-19.  Not only did NIKE deny Plaintiff a

religious exemption, NIKE fired her on January 24, 2022 for declining to receive a COVID-19 vaccines in violation of her sincerely held religious beliefs.

3.      Defendant NIKE is, and at all times herein was, a corporation headquartered in Beaverton, Oregon, in the County of Washington. *See* Attached **Exhibit "A"** [a true and accurate copy of NIKE's proof of registration from the Oregon Secretary of State's website]. NIKE is, and at all times herein was, an employer within the definition of 42 U.S.C. § 2000e(b).

4.      The true names and capacities of Defendants DOES 1 THROUGH 50 (collectively the "DOES"), inclusive, are unknown to Plaintiff, who therefore sues said Defendants under such fictitious names. Each Defendant designated herein as one of the DOES is legally responsible for the events and happenings herein referred to and proximately caused injuries and damages to Plaintiff thereby, as herein alleged. Plaintiff will seek leave of this Court to amend this Complaint to show the DOES' names and capacities once they have been ascertained.

## JURISDICTION

5.      Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

6.      This Court has jurisdiction over Defendant NIKE pursuant to 28 U.S.C. § 1331 because Plaintiff's action arises under the laws of the United States.

## VENUE

7.      Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

8.      Venue is proper in the Court's Portland Division because NIKE is headquartered in the County of Washington, the events giving rise to this Complaint occurred in County of Washington, and all agents, employees, or other persons working for, or in concert with, Defendant NIKE with regard to the events

giving rise to this case are located in, employed in, and/or residents of County of Washington.

## GENERAL ALLEGATIONS

9.      Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

10.     NIKE first hired Plaintiff as a senior administrative assistant on a temporary basis beginning in January 2020.  On or about May 28, 2021, NIKE hired Plaintiff on a full-time basis.

11.     Plaintiff was qualified for her position w and had an exemplary employment record during her tenure with NIKE.

12.     Throughout her tenure at NIKE, Plaintiff worked remotely.

13.     At some point after hiring Plaintiff on a full-time basis, NIKE instituted a policy requiring all of its employees to be vaccinated against COVID-19 – a virus which, at that point, had been proven to have a survival rate well above 99 percent – by December 1, 2021.

14.     Plaintiff has a sincere religious belief that her body is a temple of the Holy Spirit that she must not defile by taking into it potentially harmful substances.  If she does, she commits sin and will face adverse consequences, either in this life or beyond.

15.     After much prayer and Bible study, Plaintiff determined that she could not, in good conscience in accordance with the teachings of her Christian faith, defile her body injecting it with a COVID-19 vaccine.

16.     Not wanting to disobey God, on or about November 18, 2021, Plaintiff requested a religious exemption from NIKE's vaccination requirement, as both Title VII and ORS 659A.030 allow.  *See* Attached **Exhibit "B"** [a copy of Plaintiff's religious exception request].

17.    In her exemption request, Plaintiff clearly and specifically stated her religious objection to receiving a COVID-19 vaccine: "[K]nowing that my body is the place where the Holy Spirit takes up residence, and that I have prayed for wisdom in this area, it is settled for me that I am not to inject something that is still experimental into my body, not knowing the long term effects. … I value my relationship with God and I am in no way trying to dishonor those in authority, but as it was said of Peter and the apostles when told to stop teaching in the name of Jesus, '*We must obey God rather than man*' (Acts 5:1)." *See* Ex. "B" (emphasis in the original).

18.    Because she worked remotely, Plaintiff did not pose a danger to any of her co-workers or to any of NIKE's clients by remaining unvaccinated.

19.    NIKE effectively denied Plaintiff's request for a religious exemption on or about January 24, 2022, when NIKE notified Plaintiff that because she had not received a COVID-19 vaccine, her employment would be terminated as of January 29, 2022.  *See* Attached **Exhibit "C"** [a copy of a letter from Fawwad Qureshi, NIKE's Vice President of Global Technology Finance, informing Plaintiff that her employment had been terminated].

20.    Plaintiff's exemption request was processed through NIKE's headquarters in Beaverton.  The e-mail denying Plaintiff's request was sent from NIKE's headquarters in Beaverton as well.

21.    NIKE predestined Plaintiff for termination and did so not based on an individualized assessment of Plaintiff's religious exemption request, but as part of an effort to purge people of faith from NIKE's employ.

22.    Since being fired by NIKE, Plaintiff has mitigated her damages by obtaining temporary employment with Mercy Corps for approximately nine months, from March 2022 through January 2023.  She has been receiving unemployment benefits whilst actively seeking steady employment since then.

23.    At the time of her firing, Plaintiff was earning $28 per hour.  She was also receiving a matching contribution of 10 to 15 percent to her 401(k) retirement plan as well as health insurance benefits.  In addition, she was participating in NIKE's profit-sharing program.

24.    All of those things stopped when NIKE fired Plaintiff.

25.    Upon learning that she was going to be fired, Plaintiff suffered from depression and anxiety, experiencing such symptoms as fatigue, fear, and shortness of breath.

26.    Plaintiff has seen openings for positions substantially similar or identical to the position in which she worked for NIKE, and has applied for them through a recruitment agency.  NIKE, however, has inexplicably refused to take her back, thereby compounding its discrimination against her.  *See* Attached **Exhibit "D"** [a copy of an e-mail from the VanderHouwen staffing agency informing Plaintiff that her applications "were not forwarded to the hiring managers" and that she "should consider companies other than Nike"].

27.    As a condition of filing the herein lawsuit, Plaintiff has obtained a right-to-sue letter from Oregon's Bureau of Labor & Industries.  That letter is attached hereto as **Exhibit "E."**

28.    Attached hereto as **Exhibit "F"** is a printout from the website TimeandDate.com showing when the 90-day statute of limitations set forth in each right-to-sue letter is set to expire.  Plaintiff included this printout to show that she timely filed this lawsuit in compliance with the deadline set forth in her letter.

**FIRST CAUSE OF ACTION:**
**Violation of Title VII – Failure to Provide Religious Accommodation**
**Against Defendant NIKE**
**[42 U.S.C. § 2000e-2]**

29.    Plaintiff refers to and hereby incorporate the foregoing paragraphs as though fully set forth herein.

30.     Title VII of the 1964 Civil Rights Act prohibits employers from discriminating on the basis of religion.  42 U.S.C. § 2000e-2(a)(1).

31.     For purposes of Title VII, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year …"  42 U.S.C. § 2000e(b).

32.     Defendant NIKE qualifies as an employer under Title VII.

33.     The term "religion," for purposes of Title VII, "includes all aspects of religious observance and practice, as well as belief …" 42 U.S.C. § 2000e(j).

34.     As a practicing Christian, Plaintiff belongs to a class of persons protected under Title VII.  42 U.S.C. § 2000e-2(a)(1).

35.     Plaintiff has a bona fide religious belief that she cannot defile her body, which she believes to be a temple of the Holy Spirit, by taking into her body potentially harmful substances.

36.     Plaintiff's bona fide religious belief conflicted with her employment-related duty to receive a COVID-19.

37.     Plaintiff informed her employer, Defendant NIKE, of the conflict between her religious beliefs concerning abortion and her employment-related duty to receive a COVID-19 vaccine.  *See* Ex. "B."

38.     Defendant NIKE responded to Plaintiff's request for a religious accommodation by subjecting her to an adverse employment action – namely, terminating her employment on or about January 24, 2022.

39.     Defendant NIKE made no attempt to accommodate Plaintiff's sincerely held religious beliefs, nor did NIKE assert to Plaintiff that NIKE would incur undue hardship by accommodating her beliefs.  NIKE simply punished Plaintiff for refusing to receive a COVID-19 vaccine on religious grounds.

40.    Defendant NIKE offered Plaintiff no religious accommodations even though a reasonable accommodation was available – specifically, the accommodation of letting Plaintiff continue working remotely.  This would have allowed Plaintiff to continue working while serving NIKE's interest in significantly limiting the likelihood that its employees would contract and spread COVID-19 to their co-workers or to NIKE's clients.

41.    Defendant NIKE would have incurred no undue hardship by accommodating Plaintiff's religious beliefs, as she was already working 100 percent remotely and could easily have continued to do so.  Instead, Defendant NIKE simply fired her.

42.    Animus toward Plaintiff's religious beliefs is truly what motivated Defendant NIKE to fire Plaintiff, any assertion NIKE might make to the contrary notwithstanding.

43.    Based on the foregoing, Defendant NIKE has discriminated against Plaintiff in violation of Title VII.

## SECOND CAUSE OF ACTION:
### Violation of Title VII – Religious Discrimination
### Against Defendant NIKE
### [42 U.S.C. § 2000e-2]

44.    Plaintiffs refer to and hereby incorporate the foregoing paragraphs as though fully set forth herein.

45.    As a practitioner of the Christian faith, Plaintiff belongs to a class of persons protected under Title VII.  42 U.S.C. § 2000e-2(a)(1).

46.    Plaintiff was qualified for her position as a senior administrative assistant.

47.    Defendant NIKE subjected Plaintiff to adverse employment action by terminating her employment.

48.    Defendant NIKE's (1) failure to provide Plaintiff a reasonable accommodation of Plaintiff's sincere religious beliefs when NIKE easily could have done so by letting Plaintiff continue working remotely and (2) refusal to rehire Plaintiff despite having openings that are substantially similar, if not identical, to the position in which she previously worked for NIKE [see Ex. "D"], are circumstances that give rise to an inference of religious discrimination on NIKE's part.

49.    Based on the foregoing, Defendant NIKE has committed religious discrimination against Plaintiffs in violation of Title VII.

**THIRD CAUSE OF ACTION:**
**Violation of State Law Prohibiting Religious Discrimination**
**Against Defendant NIKE**
**[ORS 659A.030(1)(a)]**

50.    Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

51.    Like Title VII, ORS 659A.030(1)(a) prohibits employers from discharging individuals from employment on the basis of religion.

52.    Because Oregon's state law prohibiting employers from discriminating on the basis of religion is modeled after Title VII, and because the analysis for religious discrimination claims under both statutes is identical [*see Hedum v. Starbucks Corp.*, 546 F. Supp. 2d 1017, 1022 (D. Or. 2008)], Plaintiff declines to restate the facts as set forth in her first and second causes of action, as those facts are already incorporated as though fully set forth herein.

53.    Under 42 U.S.C. § 2000e-7, nothing in 42 U.S.C. § 1981a(b)(3), which caps the amount of non-pecuniary and punitive damages that can be awarded to Plaintiff, "shall be deemed to exempt or relieve any person from liability, duty, penalty, or punishment provided by any present or future law of any

State[.]"  In other words, an Oregon jury is free to exceed any applicable federal dollar limit in accordance with Oregon law.

54.    Under Oregon law, a jury may award up to $500,000 in noneconomic damages.  *See* ORS 31.710(1).  Oregon law defines "noneconomic damages" to include "subjective, nonmonetary losses, including but not limited to … mental suffering, emotional distress, … inconvenience and interference with normal and usual activities apart from gainful employment."  ORS 31.705(2)(b)

55.    As stated *supra*, Plaintiff has endured mental suffering and emotional distress due to NIKE's unlawful discrimination against her.

56.    ORS 659A.885(3) allows for punitive damages against employers such as Defendant NIKE who violate ORS 659A.030(1)(a).  Oregon law places no cap on punitive damages.  *See Smith v. Ethicon, Inc.*, 2022 U.S. Dist. 98543 at *2 (D. Or. June 2, 2022).

57.    Based on the foregoing, in addition to violating Title VII, Defendant NIKE has violated ORS 659A.030(1)(a).

## FOURTH CAUSE OF ACTION:
### Aiding and Abetting Religious Discrimination
### Against Defendant DOES 1-50
### [ORS 659A.030(1)(g)]

58.    Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

59.    ORS 659A.030(1)(g) prohibits any person from aiding and abetting an employer from engaging in employment discrimination.

60.    In their roles as members of Defendant NIKE's Exceptions Committee, Defendants DOES 1 THROUGH 50 (the "DOES") – whose identities have yet to be determined, and whom Plaintiff intends to add as Defendants after learning their identities through discovery – acted in concert with, or gave

substantial assistance to, NIKE in unlawfully discriminating against Plaintiff on account of her religion.  The DOES did this knowing that it was unlawful for NIKE, as Plaintiff's employer, to engage in religious discrimination against Plaintiff.

61.    Because Defendant NIKE carried out its religious discrimination against Plaintiff with the assistance of the DOES, the Court should hold the DOES individually and personally liable for their conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants NIKE and DOES 1 THROUGH 50 as follows:

### ON ALL CAUSES OF ACTION:

1.    For economic damages in an amount according to proof at trial;

2.    For non-economic damages in an amount according to proof at trial;

3.    For punitive damages in an amount according to proof at trial;

4.    For attorney's fees and costs associated with bringing and maintaining this action in accordance with the law; and

5.    For such other and further relief as the Court may deem proper.


Dated: April 12, 2023                PACIFIC JUSTICE INSTITUTE
                                     __/s/ RAY D. HACKE_____
                                     Ray D. Hacke
                                     Attorney for Plaintiff
                                     ANTOINETTE MORAE

## PROOF OF SERVICE

I am employed in the County of Marion, State of Oregon.  I am over the age of eighteen and not a16 party to the within action; my business address is 1850 45th Ave., Suite 33, Salem, OR 97305.

On or about April 12, 2023, I served the following documents on the interested parties by placing a true copy thereof enclosed in sealed envelope(s) addressed to said parties:

**COMPLAINT FOR DAMAGES FOR FAILURE TO PROVIDE RELIGIOUS ACCOMMODATION AND RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII [42 U.S.C. § 2000e-2] AND ORS 659A.030(1)(a), AND AIDING AND ABETTING RELIGIOUS DISCRIMINATION [ORS 659A.030(1)(g)]**

## PLEASE SEE ATTACHED SERVICE LIST

_____BY MAIL:  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. postal service on that same date with postage thereon fully prepaid at Salem, Oregon in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__X__BY PERSONAL SERVICE:  I caused such envelope to be delivered by hand to the office of the addressee(s).

_____X__BY ELECTRONIC MAIL: I caused such documents to be served on the interested parties via electronic mail and through the court's ECF website.

_____(State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X___(Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 12, 2023, at Salem, Oregon.


*/s/ LAUREN PEFFERLE*
Lauren Pefferle

# SERVICE LIST

United Agent Group, Inc.
Registered Agent For Defendant Nike, Inc.
5708 S.E. 136th Ave., Suite 2
Portland, OR 97236

# EXHIBIT "A"

OREGON SECRETARY OF STATE

**HOME**

▶ **Corporation Division**

| Business Xpress | business name search | oregon business guide |
| license directory | business registry/renewal | forms/fees | notary public |
| uniform commercial code | uniform commercial code search | documents & data services |

## Business Name Search

**New Search**      **Printer Friendly**      Business Entity Data      **04-12-2023 12:17**

| Registry Nbr | **Entity Type** | **Entity Status** | **Jurisdiction** | Registry Date | Next Renewal Date | Renewal Due? |
|---|---|---|---|---|---|---|
| 087399-14 | DBC | ACT | OREGON | 09-08-1969 | 09-08-2023 | |
| Entity Name | NIKE, INC. | | | | | |
| Foreign Name | | | | | | |

**New Search**      **Printer Friendly**      Associated Names

| Type | PPB | PRINCIPAL PLACE OF BUSINESS | | | | |
|---|---|---|---|---|---|---|
| Addr 1 | ONE BOWERMAN DR | | | | | |
| Addr 2 | | | | | | |
| CSZ | BEAVERTON | OR | 97005 | | Country | UNITED STATES OF AMERICA |

*Please click here for general information about registered agents and service of process.*

| Type | AGT | REGISTERED AGENT | | Start Date | 05-08-2018 | Resign Date | |
|---|---|---|---|---|---|---|---|
| Of Record | 1198907-96 | UNITED AGENT GROUP INC. | | | | | |
| Addr 1 | 5708 SE 136TH AVE STE 2 | | | | | | |
| Addr 2 | | | | | | | |
| CSZ | PORTLAND | OR | 97236 | | Country | UNITED STATES OF AMERICA | |

| Type | MAL | MAILING ADDRESS | | | | |
|---|---|---|---|---|---|---|
| Addr 1 | CO UNITED AGENT GROUP INC | | | | | |
| Addr 2 | 942 WINDEMERE DR NW | | | | | |
| CSZ | SALEM | OR | 97304 | | Country | UNITED STATES OF AMERICA |

| Type | PRE | PRESIDENT | | | Resign Date | |
|---|---|---|---|---|---|---|
| Name | JOHN | J | DONAHOE | | | |
| Addr 1 | ONE BOWERMAN DRIVE | | | | | |
| Addr 2 | | | | | | |
| CSZ | BEAVERTON | OR | 97005 | | Country | UNITED STATES OF AMERICA |

| Type | SEC | SECRETARY | | | Resign Date | |
|---|---|---|---|---|---|---|
| Name | MARY | IRENE | HUNTER | | | |
| Addr 1 | ONE BOWERMAN DR | | | | | |

| Addr 2 | | | | | | |
|---|---|---|---|---|---|---|
| CSZ | BEAVERTON | OR | 97005 | | Country | UNITED STATES OF AMERICA |

**New Search**    **Printer Friendly**    Name History

| Business Entity Name | Name Type | Name Status | Start Date | End Date |
|---|---|---|---|---|
| NIKE, INC. | EN | CUR | 05-30-1978 | |
| SPORTS-TEK, INC. | EN | PRE | 09-08-1969 | 05-30-1978 |

Please read before ordering Copies.

**New Search**    **Printer Friendly**    Summary History

| Image Available | Action | Transaction Date | Effective Date | Status | Name/Agent Change | Dissolved By |
|---|---|---|---|---|---|---|
| 🔵 | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 02-08-2023 | | FI | | |
| 🔵 | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 11-03-2022 | | FI | | |
| 🔵 | AMENDED ANNUAL REPORT | 08-12-2022 | | FI | | |
| 🔵 | AMENDED ANNUAL REPORT | 08-31-2021 | | FI | | |
| 🔵 | AMENDED ANNUAL REPORT | 08-24-2020 | | FI | | |
| 🔵 | AMENDED ANNUAL REPORT | 08-27-2019 | | FI | | |
| 🔵 | AMENDED ANNUAL REPORT | 09-07-2018 | | FI | | |
| | CHANGE OF REGISTERED AGENT/ADDRESS | 06-28-2018 | | FI | | |
| 🔵 | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 05-08-2018 | | FI | Agent | |
| | CHANGE OF REGISTERED AGENT/ADDRESS | 12-14-2017 | | FI | | |
| 🔵 | AMENDED ANNUAL REPORT | 09-06-2017 | | FI | | |
| | CHANGE OF REGISTERED AGENT/ADDRESS | 06-12-2017 | | FI | | |
| 🔵 | AMENDED ANNUAL REPORT | 09-07-2016 | | FI | | |
| 🔵 | ARTICLES OF AMENDMENT | 09-25-2015 | | FI | | |
| 🔵 | ARTICLES OF AMENDMENT | 09-25-2015 | | FI | | |

| | | | | | |
|---|---|---|---|---|---|
| | CHANGE OF REGISTERED AGENT/ADDRESS | 09-04-2015 | | FI | Agent |
| | AMENDED ANNUAL REPORT | 08-26-2015 | | FI | Agent |
| | AMENDED ANNUAL REPORT | 09-08-2014 | | FI | |
| | AMENDED ANNUAL REPORT | 08-14-2013 | | FI | |
| | RESTATED ARTICLES | 10-01-2012 | | FI | |
| | AMENDED ANNUAL REPORT | 08-01-2012 | | FI | |
| | AMENDED ANNUAL REPORT | 08-24-2011 | | FI | |
| | CHANGE OF REGISTERED AGENT/ADDRESS | 08-04-2010 | | FI | Agent |
| | ANNUAL REPORT PAYMENT | 07-30-2010 | 07-29-2010 | SYS | |
| | ANNUAL REPORT PAYMENT | 08-03-2009 | 07-31-2009 | SYS | |
| | ANNUAL REPORT PAYMENT | 07-30-2008 | 07-28-2008 | SYS | |
| | ANNUAL REPORT PAYMENT | 07-31-2007 | 07-30-2007 | SYS | |
| | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 08-09-2006 | | FI | |
| | ANNUAL REPORT PAYMENT | 08-09-2006 | 08-08-2006 | SYS | |
| | ARTICLES OF AMENDMENT | 09-26-2005 | | FI | |
| | ARTICLES OF AMENDMENT | 09-23-2005 | | FI | |
| | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 08-02-2005 | | FI | |
| | ANNUAL REPORT PAYMENT | 08-01-2005 | 07-29-2005 | SYS | |
| | CHANGE OF REGISTERED AGENT/ADDRESS | 03-04-2005 | | FI | Agent |
| | ANNUAL REPORT PAYMENT | 08-02-2004 | 07-30-2004 | SYS | |
| | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 10-24-2003 | | FI | |
| | ANNUAL REPORT PAYMENT | 10-23-2003 | 10-22-2003 | SYS | |
| | ANNUAL REPORT | 08-01-2002 | | FI | |
| | ANNUAL REPORT | 08-06-2001 | | FI | |
| | AMENDED RENEWAL | 08-09-2000 | | FI | |
| | AMENDED RENEWAL | 09-15-1999 | | FI | |
| | STRAIGHT RENEWAL | 08-12-1998 | | FI | |

| | | | | | |
|---|---|---|---|---|---|
| | STRAIGHT RENEWAL | 08-12-1997 | | FI | |
| | STRAIGHT RENEWAL | 10-16-1996 | | FI | |
| 📄 | NB AMENDMENT | 10-10-1995 | | FI | |
| | STRAIGHT RENEWAL | 10-09-1995 | | FI | |
| | AMENDED RENEWAL | 09-26-1994 | | FI | |
| | AMENDED RENEWAL | 10-08-1993 | | FI | |
| | STRAIGHT RENEWAL | 10-16-1992 | | FI | |
| | AMENDED RENEWAL | 09-04-1991 | | FI | |
| | CORRECTION OF ANNUAL | 11-13-1990 | | FI | |
| | AGENT/AUTH REP CHNG | 11-13-1990 | | FI | |
| 📄 | NB AMENDMENT | 09-24-1990 | | FI | |
| | AMENDED RENEWAL | 09-05-1990 | | FI | |
| | STRAIGHT RENEWAL | 08-21-1989 | | FI | |
| | AMENDED RENEWAL | 09-06-1988 | | FI | |
| 📄 | NB AMENDMENT | 10-15-1987 | | FI | |
| | STRAIGHT RENEWAL | 08-24-1987 | | FI | |
| 📄 | NB AMENDMENT | 11-05-1986 | | FI | |
| | STRAIGHT RENEWAL | 08-14-1986 | | FI | |
| | STRAIGHT RENEWAL | 09-09-1985 | | FI | |
| 📄 | AGENT/AUTH REP CHNG | 06-18-1984 | | FI | |
| 📄 | AMENDMENT | 10-03-1983 | | FI | |
| | STOCK CHANGE | 10-03-1983 | | FI | |
| 📄 | MERGER | 12-31-1981 | | FI | |
| 📄 | RESTATED ARTICLES | 11-26-1980 | | FI | |
| 📄 | AGENT CHANGE | 11-26-1979 | | FI | |
| 📄 | AGENT CHANGE | 08-28-1979 | | FI | |
| 📄 | AMENDMENT | 05-30-1978 | | FI | |
| 📄 | ENTITY NAME CHANGE | 05-30-1978 | | FI | |
| 📄 | AGENT CHANGE | 09-23-1977 | | FI | |
| 📄 | AMENDMENT | 01-14-1977 | | FI | |
| 📄 | RESTATED ARTICLES | 02-18-1970 | | FI | |
| 📄 | NEW | 09-08-1969 | | FI | |

© 2023  Oregon Secretary of State.  All Rights Reserved.

# EXHIBIT "B"

Nike World Headquarters
One Bowerman Drive
Beaverton, Oregon 97005

11/18/2021

To whom it may concern,

I choose to assert my right to a religious exemption from the Covid-19 vaccination. I am a Christian who believes in the Bible, including the teachings in the New Testament and I have a Christian worldview. I'm a member of East River Fellowship in Hillsboro, Oregon, where I attend regularly and have been active for three years.  I respect my Pastor and leaders and strive to have an ever-deepening relationship with God.

It's my desire to always (when possible) honor those over me (or those I work with/for) following Peter's words  "*For the Lord's sake, respect all human authority—whether the king as head of state, or the officials he has appointed.*" (1 Peter 2:13-14a, NLT - see also Romans 31:1).

However, in this case, regarding not taking the vaccine. I have prayed for wisdom as God's word directs: *"If any of you lacks wisdom, let him ask God, who gives generously to all without reproach, and it will be given him*" (James 1:5)  I am firmly persuaded that God's wisdom for me in this instance is that I am not to take the vaccine, and that I need to state why. My body is a temple of the Holy Spirit: *"Do you not know your body is a temple of the Holy Spirit, who is in you, whom you have received from God? You are not your own; you were bought at a price. Therefore honor God with your body*" (1 Cor 6:19-20) If I do not do this (honor God with my body), then for me, I missed the mark, which is sin (and requires forgiveness, 1 Jn 1:9).

James wrote, "*Whoever knows the right thing to do and fails to do it, for him it is sin*" (4:17). This is known as the "sin of omission." It is not only what people do that matters; the good that they fail to do is equally important to God.  Omission is "leaving something out" - neglecting to do what is right.   The word "knows" means to have a settled knowledge of something, not knowledge in the process of learning.  In all areas of my life I live this out to the best of my ability.

Therefore, knowing that my body is the place where the Holy Spirit takes up residence, and that I have prayed for wisdom in this area, it is settled for me that I am not to inject something that is still experimental into my body, not knowing the long term effects.  Sharing this reason is important to me.  And to not do so would be wrong.  I value my relationship with God and I am in no way trying to dishonor those in authority, but as it was said of Peter and the apostles when told to stop teaching in the name of Jesus, "*We must obey God rather than man*" (Acts 5:1).

Thus my faith prohibits me from being vaccinated as proposed. The U.S. Constitution recognizes my right to object to consuming something – in this case, this vaccine – that violates my faith. Therefore, I respectfully assert my religious objection to this vaccination.
I make this request for the glory of God and consistent with my faith. Thank you for your consideration.

Respectfully,

Antoinette Morae
Sr. Administrative Assistant
117 NW 208th Ave
Beaverton, OR 97006

# EXHIBIT "C"



January 24, 2002

Antoinette Morae
Employee #488510
117 NW 208th Ave
Beaverton, OR 97006

RE:  Termination of Employment

Dear Antoinette:

This letter is to inform you that your employment with Nike, Inc. is terminated effective January 29, 2022.  You are immediately relieved of all duties and there is no expectation that you work between today and your termination date.

Nike, Inc.'s COVID-19 Vaccination Policy requires that you confirm you are fully vaccinated against COVID-19 or have an approved accommodation by December 1, 2021.  You were previously notified that you were not in compliance with the Vaccination Policy and given until December 17, 2021 to demonstrate your commitment to be in compliance.  Because you have not done so, your employment is terminated effective January 29, 2022.

You will receive your final pay, which will include any accrued, unused Paid Time Off (PTO), less standard withholdings and authorized deductions, in accordance with applicable law.

Please be aware that you will continue to have access to services through Nike's Employee Assistance Program provider, Optum, for ninety days after your termination date.  You can contact Optum at (844) 857-0973 or www.liveandworkwell.com.

For questions regarding benefits (health benefit continuation through COBRA, ESPP, 401(k), etc.), requests for references, or other HR related inquiries, please contact Nike HR Direct at (503) 532-3402 or (888) 360-6453.

_____
Fawwad Qureshi, VP, Global Technology Finance

Distribution:
    Original to Employee
    Copy to HR Direct
    Copy to Employee Relations

# EXHIBIT "D"

**Not connected.** Connecting in 5s... Try now

a_morae@yahoo.com

**From: Tami Platt** <Tami.Platt@vanderhouwen.com>
Date: Wed, Apr 5, 2023 at 11:18 AM
Subject: RE: FW: New Web Response From Your Candidate
To: Antoinette Morae <morae1635@gmail.com>

Sorry for any confusion!  Back in early February, we tried getting you over to Nike, but all applications were not forwarded to t

On Wednesday, February 1, 2023 at 08:47:57 AM PST, Tami Platt <tami.platt@vanderhouwen.com> wrot

Good morning, Antoinette,

Your application was rejected for all roles yesterday.  I didn't receive any feedback. I think we may want t

Sorry!

Thank you for reaching out!

**TAMI PLATT**
*Sr. Recruiter*

*Please note my hours are 7am to 4pm.*

**VanderHouwen**

Call or Text: 971.501.5116
Office: 503.299.6811 | tami.platt@vanderhouwen.com
6342 S Macadam Ave., Portland OR 97239
My LinkedIn Profile | Salary Guides | Job Alerts

*This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information that is protected from disclosure. Any unauthorized review, use, disclosu*

**From:** Antoinette Morae <morae1635@gmail.com>
**Sent:** Wednesday, April 5, 2023 11:13 AM
**To:** Tami Platt <Tami.Platt@vanderhouwen.com>
**Cc:** Antoinette Morae <morae1635@gmail.com>
**Subject:** Re: FW: New Web Response From Your Candidate

# EXHIBIT "E"



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Seattle Field Office**
909 First Avenue, Suite 400
Seattle, WA 98104
(206) 576-3000
Website:  www.eeoc.gov

## <u>DISMISSAL AND NOTICE OF RIGHTS</u>
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 01/19/2023

**To:** Ms. Antoinette Morae
117 NW 208th Ave
BEAVERTON, OR 97006
Charge No: 551-2022-02861

EEOC Representative and email:    REBECCA DAVIES
Senior Investigator Support Assistant
rebecca.davies@eeoc.gov

---

## DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 551-2022-02861.

On behalf of the Commission,

Digitally Signed By: Elizabeth M. Cannon
01/19/2023

Elizabeth M. Cannon
Director

**Cc:**
Donna  Vanderschoot
NIKE, Inc.
1 SW BOWERMAN DR # SC2
Beaverton, OR 97005


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 551-2022-02861 to the District Director at Nancy Sienko, 450 Golden Gate Avenue 5 West PO Box 36025, San Francisco, CA 94102.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

# EXHIBIT "F"

# Date Calculator: Add to or Subtract From a Date

Enter a start date and add or subtract any number of days, months, or years.

**Count Days**     **Add Days**     **Workdays**     **Add Workdays**     **Weekday**     **Week №**

From **Thursday, January 19, 2023**
Added 90 days

## Result: Wednesday, April 19, 2023

### Calendar showing period from January 19, 2023 to April 19, 2023

| January 2023 | | | | | | |
|---|---|---|---|---|---|---|
| 12 days added | | | | | | |
| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 | | | | |

| February 2023 | | | | | | |
|---|---|---|---|---|---|---|
| 28 days added | | | | | | |
| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | | | | |

| March 2023 | | | | | | |
|---|---|---|---|---|---|---|
| 31 days added | | | | | | |
| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 | |

| April 2023 | | | | | | |
|---|---|---|---|---|---|---|
| 19 days added | | | | | | |
| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | | | | | | |

☐ = Start date (Jan 19, 2023)   ☐ = Final result date (Apr 19, 2023)



**Time & Date Calculator App for iOS**

See how long remains before a deadline or exactly when those 30 days are up.