IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ANTOINETTE MORAE,** *an individual*,

        Plaintiff,

  v.

**NIKE, INC.,** *a corporation*, **and DOES 1 THROUGH 50**, *inclusive*,

        Defendants.

No. 3:23-cv-00541-MO

OPINION AND ORDER

**MOSMAN, J.,**

On March 12, 2025, I granted Defendant Nike's motion for summary judgment [ECF 49]. Nike now seeks $7,031 in costs [ECF 52]. Plaintiff Antoinette Morae objected ("Pl.'s Obj.") [ECF 57], and Nike responded ("Def.'s Resp.") [ECF 59]. For the reasons stated below, I GRANT in part and DENY in part Nike's bill of costs and approve a total of $4,018 in costs to be paid by Ms. Morae.

## DISCUSSION

Nike seeks $7,031 in costs in connection with this lawsuit as follows: $600 for the pro hac vice admission filing fees; $2,091.40 for the deposition transcript of Ms. Morae; $2,093 for the

1 – OPINION AND ORDER

video of Ms. Morae's deposition; $375.10 for the deposition transcript of Joe Marsico; $378 for the deposition transcript of Jenny Jolly; $643 for the deposition transcript of Judi Mercer; and $850.50 for the deposition transcript of Drew Barthel. Itemization of Costs [ECF 52-1]. Ms. Morae argues that I should award Nike $3,800.25 in costs. Pl.'s Obj. [ECF 57] at 4.

Federal Rule of Civil Procedure 54 provides that unless "a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Section 1920 lists the specific items a prevailing party may recover:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Rule 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n Mexican-Am. Educators v. California,* 231 F.3d 572, 591 (9th Cir. 2000). Ms. Morae objects to Nike's bill on several grounds, which I address in turn below.

I.    **Video Deposition Costs**

Ms. Morae first challenges Nike's $2,093 in video deposition costs, arguing that Nike has not met its burden to prove the video deposition was needed. Pl.' Obj. [ECF 57] at 2. Nike responds that video recording of Ms. Morae's deposition was necessary due to the highly politicized and antipathetic context of this litigation. Def.'s Resp. [ECF 59] at 3.

Section 1920(2) permits the taxation of fees "for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). While the Ninth Circuit has not yet addressed this issue, *see In re Ricoh Co., Ltd. Pat. Litig.*, 661 F.3d 1361, 1370 (Fed.

2 – OPINION AND ORDER

Cir. 2011), other courts in this district have denied requests for video deposition costs when written transcripts have also been requested, absent a showing of necessity. *See Brown v. Cascade Mgmt., Inc.*, 2018 WL 4207097, at *11 (D. Or. Sept. 4, 2018) (denying request to recover costs related to video depositions absent evidence that the video deposition was necessary); *Hunt v. City of Portland*, 2011 WL 3555772, at *7 (D. Or. Aug. 11, 2011) (same); *cf. Adidas Am., Inc. v. Herbalife Int'l, Inc.*, 2012 WL 13051118, at *1 (D. Or. Sept. 5, 2012) (permitting recovery of costs related to video depositions because the antagonistic and large-scale nature of the case rendered the video deposition necessary). Given that this case was not particularly antagonistic or large-scale, I am not persuaded by Nike's argument that the nature of this cases rendered a video deposition necessary. *See* Def.'s Resp. [ECF 59] at 3. Had this case proceeded to trial, a written deposition transcript likely would have sufficed. *See Hunt*, 2011 WL 3555772, at *7. I therefore deduct $2,093 from Nike's bill of costs [ECF 52].

## II. Deposition Transcript Costs

Ms. Morae next challenges the "Transcript Supplemental Surcharges" and "Premium Litigation Packages" costs incurred in connection with the depositions in this case, although she concedes that Nike is entitled to the deposition transcript costs. Pl.'s Obj. [ECF 57] at 3-4; *see* Bill of Costs [ECF 52-2] Exs. 3, 5-8. Nike responds that the supplemental surcharges were incurred necessarily because Ms. Morae requested to take the depositions remotely. Def.'s Resp. [ECF 59] at 3.

District courts have found that extra costs associated with depositions—such as archiving, tabbing, RealTime, rough drafts, and shipping—are generally not recoverable absent a showing of necessity. *See, e.g., Mendoza v. Lithia Motors, Inc.*, 2021 WL 354108, at *3 (D. Or. Feb. 2, 2021) (deducting nontaxable fees for archiving, tabbing, and shipping deposition transcripts); *Linex*

3 – OPINION AND ORDER

*Techs., Inc. v. Hewlett-Packard Co.,* 2014 WL 5494906, at *4 (N.D. Cal. Oct. 30, 2014), *adopted*, 2014 WL 6482602 (N.D. Cal. Nov. 18, 2014) (deducting RealTime and rough draft deposition transcript costs); *Est. of Le Blanc v. City of Lindsay*, 2007 WL 2900515, at *2 (E.D. Cal. Sept. 28, 2007) (deducting "Litigation Package" costs associated with a deposition when the prevailing party did not show the costs were necessary). Here, Nike has demonstrated that the supplemental surcharges were necessary because they were incurred due to Ms. Morae's request to take the depositions remotely. Nike provides no explanation, though, as to why it necessarily incurred a "Premium Litigation Package" expense for each deposition. Absent an explanation describing these costs and why they were necessary, I find that Nike is not entitled to recover "Premium Litigation Package" costs. As such, I award Nike the following costs for deposition transcripts: $2,071.40 for the deposition transcript of Ms. Morae; $300.10 for the deposition transcript of Joe Marsico; $303 for the deposition transcript of Jenny Jolly; $568 for the deposition transcript of Judi Mercer; and $775.50 for the deposition transcript of Drew Barthel. *See* Bill of Costs [ECF 52-2] Exs. 3, 5-8.

### III.    Pro Hac Vice Admission Filing Fees

Finally, Ms. Morae challenges Nike's $600 pro hac vice admission filing fees. Pl's Obj. [ECF 57] at 3. Nike, however, withdraws its request for pro hac vice fees. Def.'s Resp. [ECF 59] at 2. Accordingly, I deduct $600 from Nike's bill of costs [ECF 52].

## CONCLUSION

For the above-mentioned reasons, I GRANT in part Nike's Bill of Costs [52]. Nike is awarded $4,018 in costs.

IT IS SO ORDERED.

DATED this __15__ day of May, 2025.

                                                *Michael W. Mosman*
                                                MICHAEL W. MOSMAN
                                                Senior United States District Judge